# 11-3642-CV
# 11-3962-CV

**UNITED STATES COURT OF APPEALS**
FOR THE SECOND CIRCUIT

Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, Anna Marcucci-Nance, and Second Amendment Foundation, Inc.

*Plaintiffs-Appellant-Cross Appellees,*

-against-

Susan Cacace, Jeffrey A. Cohen, Albert Lorenzo, and Robert K. Holdman,

*Defendants-Appellees,*

-and-

County of Westchester,

*Defendant-Appellee-Cross Appellant.*

On Appeal from a Judgment of the United States
District Court for the Southern District of New York

**REPLY BRIEF FOR
DEFENDANT-APPELLEE-CROSS APPELLANT**

*Continued on Next Page*

ROBERT F. MEEHAN
Westchester County Attorney
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-3652

| | |
|---|---|
| JAMES CASTRO-BLANCO | THOMAS G. GARDINER |
| Chief Deputy County Attorney | Sr. Assistant County Attorney |

# TABLE OF CONTENTS

                                                                Page

TABLE OF AUTHORITIES..................................................ii

PRELIMINARY STATEMENT.............................................1

POINT I.............................................................................1

    AS A THRESHOLD MATTER, THE DISTRICT
    COURT ERRED IN DENYING THE COUNTY'S
    MOTION TO DISMISS BECAUSE IT WAS NOT
    A PROPER PARTY

    (In Reply to Points VI(A) – VI(C) of the Response
    and Reply Brief of Plaintiffs)

CONCLUSION.......................................................................5

CERTIFICATE OF COMPLIANCE............................................6

# TABLE OF AUTHORITIES

Page

## Cases

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544,
127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)............................................3

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009).....................................4

*Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004).....................2

*Malley v Briggs*, 475 U.S. 335, 106 S.Ct. 1092,
89 L.Ed2d 271(1986)..........................................................2

*Monell v. Department of Social Services of the City of New York*,
436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).....................3

*Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999)..................2

## Other Authorities

42 U.S.C. §1983................................................................2, 3

# PRELIMINARY STATEMENT

This Brief is respectfully submitted by the Defendant-Appellee-Cross Appellant County of Westchester (hereinafter referred to as "County") in reply to so much of the Response and Reply Brief of the Plaintiffs-Appellants-Cross Appellees Alan Kachalsky, Christina Nikolov, Eric Detmer, Johnnie Nance, Anna Marcucci-Nance and Second Amendment Foundation, Inc. (hereinafter collectively referred to as "Plaintiffs") as is in response to the Points raised in the County's cross appeal (*i.e.*, Points VI(A) – VI(C)).

# POINT I

**(In Reply to Points VI(A) – VI(C) of the Response and Reply Brief of Plaintiffs)**

**AS A THRESHOLD MATTER, THE DISTRICT COURT ERRED IN DENYING THE COUNTY'S MOTION TO DISMISS BECAUSE IT WAS NOT A PROPER PARTY**

The District Court erred in denying the County's motion to dismiss because: (1) the County is not a necessary party in an action challenging the constitutionality of a state statute; (2) none of the individual Defendants are officers or employees of the County; and (3) the Complaint fails to

sufficiently plead allegations of fact that the individual Plaintiffs were denied a license pursuant to a County policy or custom.

Plaintiffs' contend in their Response and Reply Brief that "Liability under Section 1983 'should be read against the background of tort liability that makes a <u>man</u> responsible for the natural consequences of his actions.' " Plaintiffs' Response and Reply Brief at 49 (Emphasis added) <u>quoting</u> *Malley v Briggs*, 475 U.S. 335, 345 n.7, 106 S.Ct. 1092, 89 L.Ed2d 271(1986). It would appear that the "action[s]" Plaintiffs complain about were those of the County employees who prepared, in accordance with applicable law, the reports that were reviewed by the Licensing Officers prior to rendering their determinations. <u>See</u> Plaintiffs' Response and Reply Brief at 52; Penal Law §400.00(4). Notably the Defendants in *Malley* were the State of Rhode Island and a State Trooper, and the Plaintiffs herein fail to explain *Malley's* relevance given the different circumstances presented here in which no County employee was named as a Defendant. <u>See also</u> *Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) (Defendants were City of New York and various of its employees including Police Officers) <u>cited</u> <u>in</u> Plaintiffs' Response and Reply Brief at 49; *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) (Defendants were City of New York and

certain of its Police Officers) <u>cited</u> in Plaintiffs' Response and Reply Brief at 49.

Plaintiffs' further contention that their Complaint sufficiently pled the existence of a County policy or custom is similarly unavailing. In *Monell v. Department of Social Services of the City of New York* the Supreme Court concluded that:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In relation to a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... ." *Id.* at 555 (Citations and internal quotation marks omitted).

In relevant part, Plaintiffs' complaint alleges that: the County is a governmental entity "responsible for executing and administering the laws, customs, practices and policies at issue in this lawsuit" (Complaint at para. "11" (JA 18)); the Defendants collectively "maintain a strict policy of denying handgun license applications where the applicant cannot affirmatively demonstrate a unique and personal need for self-defense distinguishable from that of the general public" (Complaint at para. "25" (JA 21)); and that the County, in substance, recommended the denial of each of the individual Defendants applications (Complaint at para. "26" (JA 21); (Complaint at para. "30" (JA 22); (Complaint at para. "32" (JA 23); (Complaint at para. "34" (JA 23); (Complaint at para. "36" (JA 24).

The foregoing conclusory allegations failed to state a claim upon which relief could be granted. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Citation and internal quotation marks omitted)).

Therefore, in light of all of the foregoing, it is respectfully submitted that the District Court erred in denying the County's motion to dismiss.

# CONCLUSION

For all of the foregoing reasons, the Judgment of the United States District Court for the Southern District of New York (Cathy Seibel, U.S.D.J.), filed and entered on September 7, 2011, should be modified by granting the County of Westchester's motion to dismiss and should be otherwise affirmed.

Dated: White Plains, New York
       April 17, 2012

                                  Respectfully submitted,
                                  ROBERT F. MEEHAN
                                  County Attorney for the
                                  County of Westchester
                                  Attorney for Defendant-
                                  Appellee-Cross Appellant
                                  County of Westchester
                                  BY:

                                  /s/ Thomas G. Gardiner

                                  THOMAS G. GARDINER
                                  (TGG 7305)
                                  Sr. Assistant County Attorney
                                  148 Martine Avenue, Rm. 600
                                  White Plains, New York 10601
                                  (914) 995-3652

JAMES CASTRO-BLANCO
Chief Deputy County Attorney
   *of Counsel*

# **CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 32(a)(7) OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

I, THOMAS G. GARDINER, Sr. Assistant County Attorney in the Office of Robert F. Meehan, Westchester County Attorney, attorney for Defendant-Appellee-Cross Appellant, hereby certify: (1) pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure that the foregoing Brief contains 934 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and (2) pursuant to Rule 32(a)(5) and (6) of the Federal Rules of Appellate Procedure, that the foregoing Brief has been prepared in proportionally spaced typeface using Microsoft Word 2003 in Times New Rome 14-point type for text and footnotes.

Dated: White Plains, New York
April 17, 2012

/s/ Thomas G. Gardiner

THOMAS G. GARDINER
(TGG 7305)
Sr. Assistant County Attorney