

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

June 29, 2012

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
 for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Kachalsky v. Cacace,* No. 11-3642

Dear Ms. Wolfe:

Appellees Cacace, Cohen, Lorenzo and Holdman ("State Appellees") respectfully submit this letter-brief in response to the Court's Order dated June 6, 2012, which requested that the parties submit supplemental letter-briefs "concerning the impact, if any, of the June 1, 2012 decision of this Circuit in *United States v. Decastro*, 10-3773." As shown below, *Decastro* supports in several respects the State Appellees' position that the Second Amendment is not violated by New York's statutory requirement that an applicant for an unrestricted license to carry a concealed handgun demonstrate "proper cause . . . for the issuance thereof." N.Y. Penal Law § 400.00(2)(f).

The *Decastro* Decision

This Court's decision in *United States v. Decastro*, No. 10-3773, 2012 WL 1959072 (June 1, 2012), is its first published opinion to address the scope of, and limitations on, Second Amendment rights after the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). *Decastro* rejected a Second Amendment challenge to 18 U.S.C. § 922(a)(3), which prohibits, with certain exceptions, the transport of a firearm purchased outside a person's state of residence into the state of residence. 2012 WL 1959072 at *1. The defendant contended that this statute violated his Second Amendment rights, and that New York State's gun licensing laws, taken together with § 922(a)(3), made it "practically impossible for him to secure a handgun for self-defense." *Id.* at *2. This Court declined to address the constitutionality of New York's licensing statutes, finding that the defendant lacked standing to challenge New York's gun licensing regime because he had never applied for a New York gun license and had failed to make a "substantial showing" that

applying for a handgun license in New York City would be futile, given that "roughly 2/3 to 3/4 of handgun license applications during the period in question were approved." *Id.* at *3.

*Decastro* then addressed the constitutionality of the federal criminal statute, 18 U.S.C. § 922(a)(3), on the merits. This Court observed that *Heller* and *McDonald* approved laws prohibiting the carrying of firearms in sensitive places and regulating the commercial sale of arms, and concluded therefore that "time, place and manner restrictions may not significantly impair the right to possess a firearm for self-defense, and may impose no appreciable burden on Second Amendment rights," *id.* at *4, and that the Supreme Court "emphasized the practical impact of a challenged regulation on the ability of citizens to possess and use guns for the core lawful purpose of self-defense," *id.* Accordingly, this Court read *Heller* and *McDonald* "not . . . to mandate that any marginal, incremental or even appreciable restraint on the right to keep and bear arms be subjected to heightened scrutiny. Rather, heightened scrutiny is triggered only by those restrictions that (like the complete prohibition on handguns struck down in *Heller*) operate as a substantial burden on the ability of law-abiding citizens to possess and use a firearm for self-defense (or for other lawful purposes)." *Id.* at *5. *Decastro* further held that a "law that regulates the availability of firearms is not a substantial burden if adequate alternatives remain for law-abiding citizens to acquire a firearm for self-defense." *Id.* at *6.

Impact of *Decastro* on this Appeal

*Decastro* supports the arguments of State Appellees in this appeal in several ways. First, the Court properly reads *Heller* as "rel[ying] on the historical record and the meaning of the text of the Second Amendment at the time of ratification." *Id.* at *4. In the case of a state law regulating handguns, the relevant time period is the ratification of the Fourteenth Amendment in 1868, which made the Second Amendment applicable against the States. *McDonald*, 130 S. Ct. at 3038-44. As the State's brief demonstrates, the historical record shows a widespread prohibition or restriction by the States on concealed carrying of firearms, which dated back to the mid-19th century and therefore establishes that concealed carrying falls outside the scope of the Second Amendment right. See State's Br. at 29-38.

Moreover, in *Decastro*, this Court observed that a passage in *Heller* "disclaim[ed] any reading [of the Second Amendment] that calls into question (*among other things*)" prohibitions on firearms "'in sensitive places such as schools and government buildings.'" *Decastro*, 2012 WL 1959072 at *4 (quoting *Heller*, 554 U.S. at 626) (emphasis added). A nearby sentence in *Heller*, also addressing the history of gun laws, noted that "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." 554 U.S. at 626. Given *Heller*'s express mention of concealed-handgun prohibitions in its discussion of handgun restrictions that have been historically upheld, concealed-handgun regulations should be viewed as "among [the] other things" that *Heller* does not read the Second Amendment to call into question. This supports arguments made in the State's Brief at 25, 30.

Second, *Decastro* finds that "time, place and manner restrictions may not significantly impair the right to possess a firearm for self-defense, and may impose no appreciable burden on

Second Amendment rights." 2012 WL 1959072, at *4. New York's "proper cause" requirement for a person to obtain a license to carry a concealed handgun in public spaces—the only requirement challenged by plaintiffs here—is a restriction on the "time, place and manner" of carrying handguns that "impose[s] no appreciable burden on Second Amendment rights." See State's Br. at 37. The "proper cause" requirement applies only outside the home; does not at all restrict persons' ability to possess handguns in the home for the purpose of self-defense; and permits persons to obtain a license to carry handguns in a concealed manner outside the home upon a showing of proper cause.[*] Because the requirement restricts only the time, place, and manner of carrying handguns, it does not trigger heightened scrutiny under *Decastro*.

Third, even if the "proper cause" requirement were seen as imposing a substantial burden on Second Amendment rights, under *Decastro* this would mean only that the requirement is subject to some form of heightened scrutiny. *Decastro* leaves open the question of the precise level of heightened scrutiny that may be appropriate for laws that substantially burden Second Amendment rights. As the State has shown, courts applying heightened scrutiny have consistently settled on intermediate scrutiny for laws that do not affect the right of home possession, and indeed no case has applied strict scrutiny, as advocated by appellants, to a handgun restriction that is unrelated to the right of home possession. See State's Br. at 39-45. The State has demonstrated that the "proper cause" requirement would satisfy intermediate scrutiny, if it were applicable, because it furthers the substantial government interest in preventing crime and ensuring the safety of New York's public spaces against the dangers posed by concealed handgun possession.

---

[*] The "proper cause" requirement also does not apply to long guns. See State's Br. at 9 & n.2. *Decastro* expressly holds that a "law that regulates the availability of firearms is not a substantial burden if adequate alternatives remain for law-abiding citizens to acquire a firearm for self-defense." 2012 WL 1959072, at *6. But for the fact that appellants' preferred *manner* of carrying firearms is to carry them concealed, long guns would provide an alternative means of self-defense for appellants. Long guns, of course, are difficult or nearly impossible to carry in a concealed manner. This is presumably one reason why the carrying of long guns does not require any license in New York. Thus, to the extent that appellants have recently suggested that they have some wish to carry a firearm for self-defense in an open manner, the availability of long guns to them would mean that that the "proper cause" requirement is no substantial burden on their Second Amendment rights.

Conclusion

This Court's opinion in *Decastro* supports the conclusion that New York's "proper cause" requirement for a concealed carry handgun license comports with the Second Amendment.

Respectfully submitted,

/s/

Simon Heller


cc: All counsel (by ECF)