

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

September 13, 2012

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
 for the Second Circuit
40 Foley Square
New York, NY 10007

Re:     *Kachalsky v. Cacace,* Nos. 11-3642 & 11-3962
        *Argued on August 22, 2012 before Judges Katzmann, Wesley and Lynch*

Dear Ms. Wolfe:

The state defendants submit this Rule 28(j) letter to call the Court's attention to *Hightower v. City of Boston*, No. 11-2281, 2012 WL 3734352 (1st Cir. Aug. 30, 2012). In *Hightower*, the United States Court of Appeals for the First Circuit held that the City of Boston did not violate the Second Amendment by revoking a former Boston police officer's license to carry a concealed firearm because she inaccurately answered a question in a license renewal application.

The opinion in *Hightower* supports state defendants' arguments in this appeal in two respects.

First, the opinion rejects use of the First Amendment prior restraint doctrine in the Second Amendment context, finding this doctrine to be "a poor analogy for purposes of facial challenges under the Second Amendment." *Id.*, 2012 WL 3734352, at *13. *Hightower* rejects importation of prior restraint doctrine because the doctrine is based on concerns about government censorship, and thus "is specific to the First Amendment and stems from the substantive First Amendment restrictions." *Id. Hightower* therefore strongly supports state defendants' argument that "the prior restraint doctrine has no place under the Second Amendment; rather, the prior restraint doctrine is rooted in concerns about government censorship that are specific to the First Amendment." Brief for State Appellees at 50.

Second, the opinion of the First Circuit interprets the Supreme Court's opinion in *District of Columbia v. Heller,* 554 U.S. 570 (2008), "as stating that 'laws prohibiting the carrying of concealed weapons' are an 'example[ ] of "longstanding" restrictions that [are] "presumptively lawful" under the Second Amendment.'" *Hightower*, 2012 WL 3734352, at *9 (quoting *United States v. Rene E.,* 583 F.3d 8, 12 (1st Cir. 2009) (quoting *Heller,* 554 U.S. at 626, 627 n.26)).

*Hightower* thus supports the state defendants' argument that New York's proper cause requirement for issuance of a concealed-carry handgun license—which falls far short of a prohibition on concealed carrying of handguns—falls outside the scope of the Second Amendment.  *See* Brief for State Appellees at 29-38.


Respectfully submitted,
/s/

Simon Heller
Assistant Solicitor General

cc (by ECF):   All counsel