

GURA & POSSESSKY

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

September 20, 2012

The Hon. Catherine O'Hagan Wolfe
Clerk, United States Court of Appeals
  for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: *Kachalsky v. Cacase*
     U.S. Ct. of Appeals, 2nd Cir. No. 11-3642/11-3962
     Argued on August 22, 2012 before Judges Katzmann, Wesley and Lynch

     <u>Response to Appellees' Rule 28(j) Letter Dated September 13, 2012</u>

Dear Ms. Wolfe:

  Appellees overstate the relevance and persuasive value of the First Circuit's decision in *Hightower v. City of Boston*, No. 11-2281, 2012 WL 3734352 (1st Cir. Aug. 30, 2012).

  Appellees highlight *Hightower*'s recitation that prohibiting the concealed carrying of handguns is presumptively lawful under the Second Amendment, but that is undisputed. *See* Appellants' Br. at 32-39. The state may prescribe the manner of carrying guns so long as some carrying, open or concealed, is allowed, subject to constitutionally-appropriate regulation.

  *Hightower* declined to answer whether there generally exists a right to carry handguns outside the home, Slip Op. at 22 n.8, limiting plaintiff's claim to her revoked *concealed* carry license because she could have allegedly received a "Class B" open carry license. *Id.* at 17 & n.6.

  In contrast, New York's "provision permitting open carrying of licensed concealable weapons was eliminated in 1963." State Appellees' Br. at 7 n.1 (emphasis and citations omitted). Appellants were denied the only available carry license.

  In the Second Amendment, "bear arms" includes carrying "in the clothing or in a pocket," *District of Columbia v. Heller*, 554 U.S. 570, 584 (2008) (citation omitted), so New York may ban open handgun carry if it permits concealed carry (and vice versa). Having opted to license concealed handgun carrying exclusively, the State must satisfy constitutional licensing standards.

Ms. Wolfe
Page Two

Hightower's limitation of prior restraint to the First Amendment ignores contrary examples, including precedents referencing the doctrine in the arms context. Reply Br. at 29-33. In any event, "it is appropriate to consult [First Amendment] principles" in Second Amendment cases. *United States v. Decastro*, 682 F.3d 160, 167 (2d Cir. 2012).

Notably, *Hightower* also rejected applying overbreadth analysis to Second Amendment claims, despite acknowledging that doctrine's application in "free speech, right to travel, abortion [and Fourteenth Amendment §5]" cases. Slip Op. at 41 (quoting *Sabri v. United States*, 541 U.S. 600, 609-10 (2004) (internal citations omitted)). But Second Amendment rights are fundamental, and equal in status. *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3045 (2010).

                                                Respectfully submitted,

                                                /s/ Alan Gura

                                                Alan Gura

cc: CM/ECF counsel

The body of this letter contains 336 words. Fed. R. App. P. 28(j).